Mielly vs. Soule et als.

---

### No. 12,321.

#### EDMOND F. MIELLY VS. GEORGE SOULE ET ALS.

An anonymous publication, made in the form of a printed pamphlet, which purports to be a reply to another communication, the authorship of which is not furnished, can not be said to be libellous *per se*, as allegation and proof are required to connect such pamphlet with the complainant.

In case one's methods of teaching has been unduly criticised by a rival pretending to superiority, color is given to the excuse of making a reply; and such criminations and recriminations, if kept within reasonable bounds, are not libellous. At least, the participants are *in pari delictu.*

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*B. R. Forman, Jr.,* for Plaintiff, Appellant.

*Frank L. Richardson* and *Frank Soulé* for Geo. Soulé, Defendant, Appellee.

*D. B. H. Chaffe* for L. Graham & Son and L. Graham and L. S. Graham, Defendants, Appellees.

Argued and submitted February 4, 1897.
Opinion handed down February 15, 1897.
Rehearing refused March 15, 1897.

---

The opinion of the court was delivered by

WATKINS, J.   This is an action for libel alleged to have been committed by Prof. George Soulé, L. Graham & Son, Limited, and Lewis Graham and Lewis S. Graham, for which the plaintiff claims ten thousand dollars against the defendants *in solido.*

The defendants tendered a plea of no cause of action, and the same having been sustained and plaintiff's suit dismissed, the latter have prosecuted this appeal.

Mielly vs. Soule et als.

We make from the brief of plaintiff's counsel the following extract as fairly characterizing his position, upon which the test of defendants' plea must be made, viz.:

" I. That petitioner has been of good character and reputation and is engaged in the business of conducting a business college in this city.

" II. That defendant, Soulé, who is also engaged in the same business, through L. Graham & Son, Limited, and Lewis Graham and Lewis S. Graham, printed, published and circulated a pamphlet annexed to petition, Transcript, page 4, entitled 'Facts and Truth vs. Fiction and Deception,' during the year 1895.

" III. That defendants did this wickedly contriving to defame and injure your petitioner and for the purpose of injuring your petitioner in his business.

" IV. That said pamphlet is false, malicious and libellous; that said pamphlet is libellous particularly as follows:

" 1. The quotation heading said pamphlet, ' Oh, what a tangled web we weave when first we practise to deceive,' is libellous.

" 2. That the comparison of petitioner's circular with the circular of one who is termed a ' charlatan' teacher of book-keeping, in the seventeenth and twenty-first lines of said pamphlet, is libellous.

" 3. That the application of the adjective ' smattering' to the course of book-keeping taught by your petitioner, on page 4, twelfth line of said pamphlet, is libellous.

" 4. That the allegation that your petitioner's course is ' copied. and worked' from the little treatise on book-keeping by P. A. Wright, ' the noted eighteen-hour charlatan teacher,' on page 4 of said pamphlet, is libellous.

" 5. That the adjectives ' delusive and decoying,' on the twenty-fifth line, on the fourth page of said pamphlet are libellous.

" 6. That the quotation from Dante's Inferno, beginning with the twelfth line of the sixth page of said pamphlet, as to the punishment of impostors in the tenth gulf of Hades, is libellous.

" 7. That the whole of said pamphlet was printed and published by said Soulé and Graham & Son, and Lewis Graham and Lewis S. Graham for the purpose of injuring the reputation and business of your petitioner, wilfully defaming your petitioner.

51

"V. That said pamphlet has been widely circulated by said Soulé, in this city and throughout the country, being freely distributed by his agents in the streets of the city and from house to house.

"VI. That your petitioner has thereby been damaged in the sum of ten thousand dollars, for which sum he prays for judgment against all of the defendants *in solido*, praying for trial by jury."

From the foregoing it would appear that plaintiff's complaint is entirely founded upon a designated pamphlet, which is entitled "Facts and Truth *versus* Fiction and Deception;" and the charge of his petition is that the defendant, Soulé, *caused* same to be printed by the defendant, L. Graham & Son, Limited, and published and circulated same, thereby contriving to injure and defame him in the prosecution of his business—the plaintiff and Soulé being engaged in the same business, that is to say, the conduct and management of a business and commercial college in the city of New Orleans.

His petition charges that "said pamphlet is false, malicious and libellous" in respect to particular quotations which are not set out in the foregoing extract.

It concludes with the statement that "the whole of said pamphlet was printed and published by the defendants for the purpose of injuring the reputation and business of petitioner," etc., and that same "has been widely circulated by said Soulé in this city and throughout the country."

It is evident, then, that the libel charged must be found in the pamphlet which is referred to and annexed to and made a part of the petition.

A copy of the pamphlet is brought up with the record. It is not addressed to any person by name, and is not signed by any one. Its objects are stated to be "a correction of misrepresentations regarding the practical courses of study pursued by Soulé College, and the exposure of the erroneous claims of another school."

It is apparent that the object of said pamphlet is, to correct some alleged misrepresentations that had been made by *some one* whose name is not furnished.

The opening sentence of it is as follows, viz.:

"A very pretentious teacher of book-keeping in this city, whom we will designate as the 'No Nonsense' teacher, has woven a tangled web long and wide by publishing many erroneous and deceptive statements of his superficial course, among which are the following:

" ' Sense versus Nonsense.' 'In this course there is no day book writing, no old fogyism, no copying from other books. Why lose nine to twelve months' time and expend from fifty to one hundred dollars tuition, and twenty-five to forty dollars for stationery to learn how books were kept a half century ago, when you desire to know how they are kept now, and can find it out for less than 25 per cent. of the regular cost and in less than one-tenth of the usual time! '

" ' Most commercial colleges teach you half a dozen ways of keeping books, not one of which is practicable in business. I teach you one way, which is practicable everywhere, in every business. When you apply for a situation you are never asked, "How many ways can you keep books?" but "Do you understand book-keeping thoroughly?" Those who have gone over my *business course* can answer the latter questions in the affirmative and speak the truth.' "

From this we understand that the pamphlet charged to be libellous is in reply to some other and previous publication of some one else from which the foregoing extract was selected, but the authorship of which is not disclosed.

From aught that can be discovered from the pamphlet or the quoted extract, the plaintiff was entirely disconnected therewith, and there is no averment of the petition that specifically states that he was the person therein intended or represented. And but for the petition, which assumes that the plaintiff is the one intended and who was really and actually libeled, there would be nothing to connect him with the pamphlet or its alleged libellous utterances. Surely, there is no allegation in the petition to show that the defendants, Graham, had any knowledge, at the time they put it to press, that the plaintiff was in any way connected with the pamphlet. There is no allegation to the effect that this pamphlet was known, read and recognized in the city of New Orleans or elsewhere as one directed at or intended to reflect upon the plaintiff.

This is a case of libel by innuendo, without any specific charge of innuendo, nor any equivalent averment.

But if we are to so assume, from certain extracts therefrom quoted, of which one has been cited, we must likewise assume that the plaintiff's previous criticisms had provoked the issuance of the pamphlet as a reply, a correction of certain representations as to the school and methods of the defendant, Soulé.

Without going more into detail and unnecessarily burthening our report, we will state our impression of the pamphlet to be that it is a humorous and somewhat caustic answer to a professed business circular of some competitor of the defendant, Soulé, and that the particular plan was adopted for the purpose of conveying his views efficaciously and yet as circumspectly as possible.

In our conception, there is nothing in the pamphlet to offend good taste or which is libellous *per se*. It is a heterogeneous argument on book-keeping, replete with extravagancies in language as well as in rhetoric, which were intended to amuse and ridicule the pedantry of his scholastic rival and bring his alleged pretension to superiority into ridicule.

We do not consider publications of this kind as grounding a charge of libel, particularly in view of the fact that the plaintiff was not designated therein. At all events the criticism was provoked, if not fully justified, by the animadversions of the plaintiff; for had it not been for them, the likelihood is the defendant, Soulé, would never have issued the pamphlet.

In our view the judge *a quo* correctly maintained the exception of no cause of action.

Judgment affirmed.