661 So.2d 1027 (1995)
Kenneth J. GUILBEAUX, Plaintiff-Appellant,
v.
The TIMES OF ACADIANA, INC., Kevin Kean and Grand Casinos, Inc., Defendants-Appellees.
No. 94-1270.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1995.
Rehearing Denied November 7, 1995.
*1029 Anthony Fazzio, Lafayette, for Kenneth J. Guilbeaux.
John Edmund McElligott, Jr., Lafayette, for The Times of Acadiana, Inc. et al.
David Arthur Hurlburt, Lafayette, for Kevin Kean.
Charles S. McCowan, Jr., Mathile Watsky Abramson, Baton Rouge, for Grand Casinos, Inc.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
*1030 THIBODEAUX, Judge.
Plaintiff, Kenneth Guilbeaux, appeals the trial court's judgment on defendants' various exceptions of no cause of action regarding an allegedly defamatory article and other allegedly defamatory statements made by defendant, Kevin Kean, about his business dealings with the plaintiff involving defendant, Grand Casinos. Some of Kevin Kean's statements were published by The Times of Acadiana, also a defendant in this suit.
We affirm the trial court's judgment on The Times' exception of no cause of action. That portion of the appeal which addresses the exceptions of Kean and Grand Casinos is premature, because this is an appeal of a partial final judgment not authorized by La. Code Civ.P. art. 1915.
We affirm in part and remand in part.

ISSUES
The issues before this court are:
1) Whether the trial court properly granted The Times of Acadiana's exceptions of no cause of action in defamation, in tortious interference with business relations, and in intentional infliction of emotional distress;
2) Whether the trial court correctly denied plaintiff's motion to recuse the trial judge; and,
3) Whether the trial court properly granted defendants, Kevin Kean's and Grand Casinos Inc.'s, exceptions of no cause of action in defamation, in tortious interference with business relations, and in intentional infliction of emotional distress.

FACTS
Kenneth Guilbeaux filed a defamation suit against The Times of Acadiana, Kevin Kean, and Grand Casinos, Inc. In his initial suit, he alleged he was defamed by the publication of an article in The Times which discussed his business dealings with Kevin Kean and Grand Casinos. The article detailed Guilbeaux's and Kean's attempt to bring riverboat gambling to Lafayette. The Times, Kean, and Grand Casinos filed exceptions of no cause of action. The trial court upheld the exceptions of no cause of action, finding the alleged defamatory statements failed to state a cause of action in defamation. The trial judge also concluded Louisiana does not recognize a cause of action for tortious interference with business relations, and there was no basis for a claim of intentional infliction of mental distress. The court allowed the plaintiff to amend his petition to state viable causes of action.
Kenneth Guilbeaux amended his petition and stated that Kean had defamed him by making statements to various individuals similar to the statements published in The Times. Guilbeaux also attached a copy of the article published in The Times. In response to the first amended petition, the defendants again filed exceptions of no cause of action. While the hearing on these exceptions was pending, Guilbeaux filed a motion to recuse the trial judge, the Honorable Ronald D. Cox.
Judge Ellis Thompson heard and subsequently denied the plaintiff's motion for recusal. Mr. Guilbeaux sought writs to this court. This court denied his writ, finding no error in the trial court's ruling.
The trial court, in ruling on the first amending and supplemental petition, found the plaintiff's claim against The Times failed to state a cause of action in either defamation or intentional infliction of emotional distress, and dismissed all claims against The Times with prejudice. It also found Louisiana did not recognize a cause of action for tortious interference with business relations.
The trial court deferred judgment on Kean's exceptions of no cause of action, and ordered the plaintiff to plead with more particularity the facts which supported his claims of defamation and intentional infliction of emotional distress in the first amending and supplemental petition. The trial court also deferred judgment on Grand Casinos' exceptions of no cause of action on the first amending and supplemental petition. It granted the exceptions of no cause of action filed by Kean and Grand Casinos based on the allegations in Guilbeaux's original petition.
Kenneth Guilbeaux responded with a second supplemental and amending petition *1031 which expanded on the allegedly defamatory comments made to others outside the scope of the published article. The trial court denied all exceptions and motions filed by defendants Kean and Grand Casinos relating to plaintiff's second supplemental and amending petition. These claims are pending before the trial court.
Kenneth Guilbeaux appeals the trial court's judgment on the exceptions of no cause of action by The Times which determined that his original and first supplemental and amending petitions did not state a cause of action against The Times of Acadiana and its judgment on the exceptions of no cause of action filed by Kevin Kean and Grand Casinos dismissing all claims in Guilbeaux's original petition.
Guilbeaux also appeals the denial of his motion to recuse the trial judge.
LAW & DISCUSSION
A. The Times' Exceptions
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). (Citations omitted). Any documents annexed to the petition must also be accepted as true. Kuebler v. Martin, 578 So.2d 113 (La.1991); Crooms v. Lafayette Parish Government, 628 So.2d 1224 (La.App. 3 Cir. 1993).
To maintain a defamation action, the following elements must be shown: 1) defamatory words, 2) publication, 3) falsity, 4) malice, actual or implied, 5) and resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La. 1980). A defamatory communication is one which tends to harm a person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is one for the court. Sassone v. Elder, 626 So.2d 345, 352 (La.1993).
This question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense. In order to determine whether the statement is actionable, the court must consider each portion of the defamatory statement separately and then consider each portion in the context of the entire article. Id.
To be actionable, defamatory words must be "of and concerning" the plaintiff or, directly or indirectly, cast a personal reflection on the plaintiff. Gugliuzza v. K.C.M.C., Inc., 606 So.2d 790 (La.1992). Accusation of criminal conduct is defamatory per se, and in such cases proof of actual malice is not required. Cangelosi, 390 So.2d at 198.
The plaintiff argues the trial court erred by focusing on the merits of the claim and improperly applied a summary judgment standard to address an exception of no cause of action. However, in order to properly test the sufficiency of the pleadings under an exception of no cause of action, the court must determine whether the law affords a remedy on the pleadings. The first element of defamation requires the showing of defamatory words. When a court determines the communications at issue are not defamatory, and therefore not actionable, the court may pretermit discussion of the other elements of defamation. Sassone, 626 So.2d at 352. The trial court was correct in considering whether the statements in the article constituted defamation.
We agree with the trial court's assessment of the following statements from the published article, and quote from his well-reasoned opinion:
"Plaintiff in his petition alleges that several statements published in the subject article *1032 were defamatory. The Court will address each of them separately."
"`I know you may be big with these Indians,... you may be big in Nebraska, but you're down here in different territory. If you upset the wrong people, you could find yourself out floating in the Vermilion, in jail on legitimate or illegitimate charges or get some people mad and kill your Indian casino deals, or at least slow you up for a long, long time. Of course, I am telling you this as a friend.'"
"As previously stated, in order to be defamatory, the words must be directly or indirectly of a nature to cast a personal reflection of a derogatory nature on the plaintiff. Gugliuzza, Supra. [sic]. The Court finds that the above quoted statement in no way rises to the level of defamation. The language does not contain a threat by plaintiff against Kean. To the contrary, the statement refers to plaintiff as a friend and suggests the possibility of wrongdoing by `the wrong people' and `some people.' Plaintiff is merely warning Kean of these possibilities."
"Kenneth J. Guilbeaux referred to black residents as `niggers'."
"In certain instances, the use of the word `nigger' may constitute defamation and the Court is cognizant of the many cases which support this result. However, in order to maintain an action in defamation, the words must be `of and concerning' the plaintiff. Gugliuzza, Supra. If plaintiff himself had been referred to or addressed in such rude and offensive terms, he may have had a cause of action in defamation. The statement, however, merely attributes the use of this word to plaintiff. The statement is `of and concerning' persons other than plaintiff. Thus, the Court finds that with respect to this statement, plaintiff has failed to state a cause of action in defamation."
"The Article described Kenneth J. Guilbeaux as `violently mad' and described him as the tall burley [sic] business man."
"This statement merely describes plaintiff's physical appearance and further uses adjectives which describe his state of mind. Clearly, this statement alone or read in conjunction with the other allegations of the petition does not rise to the level of defamation."
"The Article identified a `proposed' illusory partnership existing between Kenneth J. Guilbeaux and William Broadhurst."
"The Article identified an illusory partnership existing between Kenneth J. Guilbeaux and Richard D'Aquin."
"These statements describe a business relationship between plaintiff and other individuals. There is nothing in these statements which can be construed to be defamatory in nature."
"The Article republished `that Richard D'Aquin's involvement was solely for the purpose of manipulating the media."[sic]."
"The Article republished "[sic] that William Broadhurst `could be helpful in securing needed legislative approval for a casino in Lafayette.'"
"These statements are not `of and concerning' plaintiff and cannot, therefore, under our jurisprudence support a cause of action in defamation."
"The Court finds that none of the statements in plaintiff's petition are defamatory in nature either on their face or in the proper context. Thus, it is unnecessary to consider the other elements necessary to maintain a cause of action in defamation."
After reviewing the above published statements and considering the article in its entirety, we conclude the article could not be understood by a reasonable and detached listener to harm Kenneth Guilbeaux's reputation or to lower his esteem in the community. We hold the published statements do not constitute defamatory words, and are not actionable. Accordingly, we do not reach the issues of falsity, of actual or implied malice, or injury.

B. Interference With A Contract And Intentional Infliction Of Emotional Distress
Kenneth Guilbeaux also asserts the trial court incorrectly sustained The Times' exceptions of no cause of action for tortious interference with business relations and for intentional infliction of emotional distress.
*1033 Louisiana has only recognized a limited cause of action for tortious interference with contract. 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989). The supreme court divided the tort into five elements:
(1) The existence of a contract or legally protected interest between the plaintiff and the corporation;
(2) The corporate officer's knowledge of the contract;
(3) The corporate officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome;
(4) Absence of justification on the part of the officer;
(5) Causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
538 So.2d at 234.
A review of the record reveals no facts which support the above cause of action. This tort only applies to a corporate officer interfering with his employer's contractual relations with third persons. There is no evidence of a contractual relationship between Guilbeaux and Grand Casinos. The trial court correctly sustained The Times' exception of no cause of action for this claim.
In order to maintain a cause of action for intentional infliction of emotional distress, the following elements must be established:
(1) the conduct of the defendant was extreme and outrageous;
(2) the emotional distress suffered by the plaintiff was severe; and,
(3) the defendant desired to inflict severe emotional or knew that severe emotional distress would be certain or substantially certain to result from his or her conduct.
White v. Monsanto Co., 585 So.2d 1205, 1209 (La.1991).
Extreme and outrageous conduct is defined by the court in White as conduct so atrocious as to pass the boundaries of decency and to be utterly intolerable to civilized society. The court stated such extreme and outrageous conduct "may arise from an abuse by the actor of a position, or a relation with the other, which gives him or her actual or apparent authority over the other, or power to affect his or her interests." Id. at 1209-1210. The conduct must be intended to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like. White, 585 So.2d at 1210.
We distinguish the instant case from our decision in White v. White, 93-1389 (La.App. 3 Cir. 6/15/94), 641 So.2d 538. In White, we reviewed an exception of no cause of action and found sufficient allegations in the petition to state a cause of action for a former wife's claim for intentional infliction of emotional distress against her former husband's current wife. In the White case, there were sufficient allegations in the petition to remand the case for trial. The facts, though incomplete, were egregious enough to survive an exception of no cause of action and at least allow the opportunity for a trial.
In this case, we have all of the facts before us in the pleadings and attachments which allegedly support Mr. Guilbeaux's claim for intentional infliction of emotional distress. The well pleaded facts in this case are not sufficient to establish a claim for intentional infliction of emotional distress. The facts do not support Mr. Guilbeaux's claim that the conduct of The Times was extreme or outrageous; neither do the facts support Mr. Guilbeaux's claim that he has suffered severe emotional distress, or that The Times either desired to inflict or knew that severe emotional distress would be certain or substantially certain to result from its conduct. The trial court correctly sustained The Times' exception of no cause of action for this claim.

C. The Motion For Recusal
Kenneth Guilbeaux argues on appeal the trial court erred by denying his motion to recuse Judge Ronald D. Cox because of the judge's activity in local politics involving the attempt to recall Kenny Bowen, the mayor of Lafayette. We note the appeal of this issue is not properly before this court. Ordinarily, this court will only review issues *1034 submitted to the trial court and assigned as errors on appeal, unless the interest of justice clearly requires otherwise. Rule 1-3, Uniform RulesCourts of Appeal (West 1994); Richard v. Comeaux, 626 So.2d 507 (La.App. 3 Cir.1993), writ denied, 630 So.2d 800 (La.1994). We will review this portion of Mr. Guilbeaux's appeal in the interest of justice and judicial economy.
The issue of Judge Cox's recusal was the subject of a writ application to this court. We considered the issue and denied the writ, finding no error in the trial court's ruling. Guilbeaux v. The Times of Acadiana, et al., docket number W94-376.
Although this panel is not bound by our previous decision on a writ application, we are guided by certain "law of the case" principles as outlined in Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81, 83 (La.1973), as follows:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.
* * * * * *
Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is merely a doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.

(Emphasis added; citations omitted). See also, State, DOTD v. Dietrich, 625 So.2d 634 (La.App. 3 Cir.1993), writ denied, 631 So.2d 448 (La.1994).
We conclude this is not a case of "palpable former error;" there is not even a doubt as to the correctness of our prior writ decision.

D. Kevin Kean's and Grand Casinos, Inc.'s Exceptions Of No Cause Of Action
We find the appeal by plaintiff, Kenneth Guilbeaux, is premature because he has appealed a partial final judgment not authorized by La.Code Civ.P. art. 1915. The supreme court has stated that La.Code Civ.P. art. 1915 lists the exclusive instances in which partial final judgments are permitted. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993).
La.Code Civ.P. art. 1915 provides for a partial final judgment as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
Article 1915 limits a court's authority to render a partial final judgment which is appealable. Of course, a judgment which adjudicates all claims and defenses asserted by all of the parties, is appealable, subject to jurisdictional limitations. Subaru, 616 So.2d at 1240-1241. A party who is completely exonerated in pretrial proceedings should be spared further litigation. Id. Because The Times was completely exonerated by the trial court's ruling, Guilbeaux's appeal was proper and timely.
*1035 However, only some of Kean and Grand Casino's claims and issues have been addressed. They remain in the lawsuit, with suits pending before the trial court based on the same operative facts. As the supreme court found in Subaru, Guilbeaux's appeal before this court is a partial final judgment on an exception of no cause of action, and therefore interlocutory. An interlocutory judgment is not appealable in the absence of irreparable injury. See Subaru, 616 So.2d at 1241.

CONCLUSION
For the above reasons, we affirm the trial court's ruling on The Times' exceptions of no cause of action. Finding no palpable former error, we decline to reconsider our prior ruling on the recusal of the trial judge. We find the portion of the appeal which addresses Kean's and Grand Casino's exceptions of no cause of action is premature, and remand these issues to the trial court for further proceedings consistent with the views expressed herein.
All costs at the trial and appellate levels are assessed against plaintiff, Kenneth J. Guilbeaux.
AFFIRMED IN PART AND REMANDED IN PART.
SAUNDERS, J., dissents from that portion of the opinion and judgment which affirms the no cause of action against The Times of Acadiana.