778 So.2d 1175 (2001)
David G. BUJOL, Chris Arnold, Brett Beavers, Mark A. Ceravolo, Chad Dear, Philip J. Desalvo, John N. Doyle III, Kevin Guillot, Johnny Lee Heck, Lamar Hooks, Jr., Bryan Huesman, Allen E. Joanos, Edwin J. Klein, III, Edward James Manix III, William Meetze, Ken Norris, Richard Richardson, David Roddy, Matthew Roth, Henry Saacks, Alvis J. West IV, Frederick Yorsch and Ray Young, Jr.
v.
T.J. "Butch" WARD, Butch Ward Campaign, John and Jane Doe, and ABC Publishing Company.
No. 00-CA-1393.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2001.
*1176 Mark E. Morice, Gretna, LA, Attorney for Plaintiff/Appellant David G. Bujol, et al.
Peter J. Butler, Peter J. Butler, Jr., Richard G. Passler, Breazeale, Sachse & Wilson, L.L.P., New Orleans, LA, Attorneys for Appellee T.J. "Butch" Ward.
Panel composed of Judges GOTHARD, CANNELLA and McMANUS.
CANNELLA, Judge.
Plaintiffs, 23 members of the Jefferson Parish Sheriff's Street Crimes Unit (Street Crimes Unit)[1], appeal from the trial court ruling in favor of Defendant, T.J. "Butch" Ward, granting Defendant's Peremptory Exceptions of No Cause of Action and No Right of Action. For the reasons which follow, we affirm.
In the latter part of 1999, Defendant was engaged in a political campaign for a seat on the Jefferson Parish Council. Among his opponents was Shane Guidry, who is a member of the Jefferson Parish Street Crimes Unit. During the campaign, Defendant dispersed certain written materials to residents in the voting district. The written materials contained allegedly false and defamatory remarks accusing members of the Street Crimes Unit of targeting, abusing and mistreating innocent African-Americans with hostility and excessive force. Plaintiffs herein, 23 members of the 46 member (32 full time and 14 reserve officers) Street Crimes Unit, filed the instant defamation action. Plaintiffs allege that they have suffered injury to their reputations and credibility in the community by the malicious publication of the above referred to materials, containing the false accusations of criminal conduct by the Plaintiffs.
In response to this action, Defendant filed Peremptory Exceptions of No Cause of Action and No Right of Action[2]. The trial court granted the exceptions and dismissed Plaintiffs' suit with prejudice, finding that Louisiana does not recognize a cause of action for group defamation, citing Mielly v. Soule, 49 La. Ann 800, 21 So. 593 (1897); Hyatt v. Lindner, 133 La. 614, 63 So. 241 (1913); McGee v. Collins, 156 La. 291, 100 So. 430 (1924); Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La.App. 1st Cir. 1983); State v. Time, Inc., 249 So.2d 328 (La.App. 1st Cir.1971), writs denied, 259 La. 761, 252 So.2d 456 (La.1971). The trial court noted that plaintiffs rely on the case of Levert v. Daily States Pub. Co., 123 La. 594, 49 So. 206 (1909), which recognized a cause of action for group defamation, but found that it was an anomaly and expressly declined to create a new cause of action *1177 for group defamation in contravention of Hyatt and McGee. It is from this judgment that Plaintiffs appeal.
On appeal Plaintiffs argue that the trial court erred in holding that Louisiana does not recognize a cause of action for group defamation. Plaintiffs argue that the trial court's reasoning was overbroad and its decision to ignore the Levert decision was erroneous. Plaintiffs argue that Louisiana does recognize a cause of action for group defamation where the group is sufficiently small to be identifiable and Plaintiffs contend that they present just such a group.
Defendant argues that the trial court was correct in its reasoning that Louisiana state courts do not recognize a cause of action for group defamation. Defendant argues that Levert should not be controlling because it is contrary to all the other cited cases. In the alternative, Defendant argues that even where group defamation is recognized as a cause of action, the group must be so small that a defamatory remark against the group can be recognizable as a remark against an individual in the group. Defendant notes that the Restatement of Torts 2d limits a cause of action for group defamation to a group of no more than 25 members. Thus, Defendant argues that even if this court recognized the action for group defamation, Plaintiffs' group of 46 members is still too large to support the cause of action.
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the trial court must presume that all factual allegations of the petition are true and all reasonable inferences are made in favor of the non-moving party. City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237; Owens v. Martin, 449 So.2d 448 (La.1984); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Com'rs of Orleans Levee Dist., id. at p. 4, p. 253.
Plaintiff's alleged that they were defamed by Defendant's publications. The elements of a cause of action for defamation are: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and (5) resulting injury. Gugliuzza v. K.C.M.C., Inc., 606 So.2d 790, 791 (La.1992). A defamatory communication is one that tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Gugliuzza, supra at 791. Accusations of criminal conduct are defamatory per se, and in such cases, proof of actual malice is not required. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196, 198 (La.1980). Finally, to be actionable, the defamatory words must be "of and concerning" the plaintiff or, directly or indirectly, cast a personal reflection on the plaintiff. Guilbeaux v. Times of Acadiana, Inc., 94-1270 (La.App. 3rd Cir.8/9/95), 661 So.2d 1027, 1031.
The only dispute regarding the cause of action for defamation alleged in Plaintiffs' petition is whether the defamatory statements were "of and concerning" Plaintiffs. More particularly, Defendant argues that since Plaintiffs were neither named nor identified, and their group is so large, the statements could not be "of and concerning" Plaintiffs individually and thus, Plaintiffs cannot sustain a cause of action in defamation.
In thoroughly analyzing the issue of what is commonly referred to as "group defamation" the federal district court in Louisiana, in In re New York Life Ins. Co. Agents' Class Claimants Solicitation Litigation, 92 F.Supp.2d 564, 569 (E.D.La. 1997), 1997 WL 218214, summarized the law as follows:
Generally, Louisiana courts recognize the principle that the defamatory words *1178 must refer to some ascertainable person, and that person must be the plaintiff. Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La. App. 1st Cir.1983). However, many jurisdictions recognize a cause of action for "group defamation," that is, an individual may bring an action for defamation even though he or she is not specifically named if the defamatory words refer to a small, identifiable group to which he or she belongs. Lawrence H. Eldredge, The Law of Defamation 54-55 (1978). When the defamed group is sufficiently small, the words may reasonably be understood to have personal reference and application to every member of the group, so that each member is defamed as an individual and can recover for defamation. Restatement (second) of Torts, § 564A, Comment b (1977). See also William L. Prosser, Law of Torts, § 112, p. 751 (1971). While there is no definite limit on the size of the group, most authorities agree that the group must consist of twenty-five or less members in order for the plaintiff to state a cause of action for group defamation. Restatement (second) of Torts, § 564A, Comment b; 52 A.L.R.4th 618; see Gallodoro v. Times Picayune, 1993 WL 330549, (La.Dist.). (Footnotes omitted.)
In the instant case, because it is before us on an exception of no cause of action, the case must be decided on the factual allegations of the petition which are presumed to be true. In the petition, the Plaintiffs acknowledge that the allegations of defamatory word were directed to the Street Crimes Unit of the Jefferson Parish Sheriff's Office. The petition provides the following example of the defamatory statements allegedly made by Defendant:
A History of Abuse and Excessive Force
The Street Crimes Unit has a long history of treating innocent, law-abiding African-American citizens with hostility, excessive force and no respect. The African-American male is a target of abuse of this special unit.
The petition further alleges that defamatory comments were made by giving two specific examples of abuse and excessive force and then stating, "These are only two examples of how ... [the] Street Crime [sic] Unit treat[s] African-American citizens in Jefferson Parish."
Defendant argues, and invites us to rule strictly as a matter of law, that no action is available under Louisiana law for any type of group defamation. We decline that invitation.
While we agree that there is language in some of the cases cited by Defendant that could support such an argument, we find that the cases relied on are for the most part distinguishable and there is other language in the cases that supports the contrary view that group defamation is a viable cause of action in Louisiana, provided Plaintiff can show that the remark references particular members of the group who are Plaintiffs in the action.
For example, Defendant relies on the case of Mielly v. Soule, 49 La.Ann 800, 21 So. 593 (1897). In Mielly, the plaintiff brought a libel action against the defendant for remarks made in an unsigned pamphlet concerning bookkeeping schools. The Court found that the remarks in the pamphlet were not libelous in that they were a response to a previous publication by someone else. The Court also noted that there was no allegation in the petition to the effect that the pamphlet was known, read, and recognized in the city of New Orleans or elsewhere as one directed at, or intended to reflect upon, the plaintiff.
In Hyatt v. Lindner, 133 La. 614, 63 So. 241 (1913), relied on by Defendant, the plaintiff was the owner of a house that was occupied by four separate families. The defendant had communicated remarks about the house being one of ill-repute. The Court held that plaintiff did not have a cause of action in defamation because the communication referred to the house rather *1179 than the residents. In so holding, the Court quoted from several treatises on defamation, libel and slander including the following:
Though the words used may at first sight appear only to apply to a class of individuals, and not to be specially defamatory of any particular member of that class, still an action may be maintained by any one individual of that class who can satisfy the court that the words referred especially to himself, but the words must be capable of bearing such special application.
The Court also noted that "[t]he situation would have been different if the imputation contained in the letter had been one necessarily applying to each and every occupant of the house; for then, each and every one would have had a right of action, though none had been specially named or designated. The situation would also have been different if plaintiff had shown that, while the letter did not name or otherwise designate her, yet that it was in fact aimed at her, and that no one but she could, under all the circumstances of the case, have been understood to have been intended to be referred to." Thus, although admittedly dicta, the Court seemed willing to recognize the possibility of an action for group defamation under the proper circumstances.
In McGee v. Collins, 156 La. 291, 100 So. 430 (1924), also relied on by Defendant, the plaintiff therein, an insurance agent, filed a libel and defamation action against various insurance companies and agents based on an article they published addressing certain re-insurance practices that stated: "Any man who attempts by socalled audit or adjustment to change life insurance contracts in force is working solely for his own profit." In finding that plaintiff's petition stated no cause of action in libel the Court held that "[t]here was certainly nothing objectionable in this warning and advice." The Court found nothing defamatory about the remarks because, like it did in Mielly, the Court concluded that the alleged libelous remarks were provoked by plaintiff, in that they were made in response to derogatory remarks that plaintiff had made about defendants. The Court quoted from Mielly stating that "[w]here defamatory words reflect upon a class of persons impartially, and there is nothing to show which one is meant, no action lies at the suit of any member of the class."
In contrast, in the case of Levert v. Daily States Pub. Co., 123 La. 594, 49 So. 206 (1909) which directly addressed the issue of "group defamation," the Court recognized that when a small group is defamed, an individual member may establish a cause of action for defamation even though he is not specifically named or identified. In Levert, the plaintiff, a member of the Board of Administrators of Tulane University, claimed that he was defamed by a newspaper article accusing the Board of favoritism and misconduct. The newspaper argued that plaintiff did not have a cause of action because the article did not name or identify the plaintiff specifically. In holding that plaintiff established a cause of action in defamation, the Court reasoned:
That the plaintiff was not named, and that the defendants did not even know that he was a member of the board, is no legal excuse, but may be considered as a mitigating circumstance. The libel not only assailed the corporate action of the board, but impeached the integrity of every individual member who participated in the proceeding. The wholesale charge of official favoritism and misconduct pointed to all the members of the board who participated in the proceedings. These gentlemen were citizens of more or less prominence in the community, and their official connection with the Tulane University was well known.
Thereafter, as outlined in full above, the case of Hyatt v. Lindner, 133 La. 614, 63 So. 241 (1913), although holding that plaintiff had not stated a cause of action under the facts presented, recognized that a *1180 cause of action for group defamation was not impossible under the right circumstances.
Two federal district court cases have also found that a cause of action for group defamation is not precluded in Louisiana. In Re New York Life Ins. Co. Agents' Class Claimants Solicitation Litigation, 92 F.Supp.2d 564, 569 (E.D.La.1997); Gallodoro v. Times Picayune, 1993 WL 330549 (La.Dist.)
It was also noted above that the Restatement (second) of Torts, § 564A recognizes a cause of action for group defamation, but only if:
(a) the group or class is so small that the matter can reasonably be understood to refer to the member; or
(b) the circumstances of the publication reasonably give rise to the conclusion that there is a particular reference to the member.
Thus, based on the above precepts and because it is not essential to our resolution of this case, we decline to decide this case, as Defendant argues, on the legal point that a cause of action for group defamation is not recognized in Louisiana. Rather, we hold that, in this case, given the size of the group, 46 members, and the circumstances of the publication or nature of the remarks, as asserted in the petition, Plaintiffs herein, 23 members of the Street Crimes Unit, have not shown that the defamatory remarks were referenced particularly to any one of them.
As can be clearly seen from the petition, there are no allegations therein that the defamatory remarks were directed to any one specific member of the Street Crimes Unit or even specifically to each and every member of the Street Crimes Unit. Rather, the remarks referred to members of the class of people known as the Street Crimes Unit. The Street Crimes Unit consists of 46 members, 32 full time and 14 reserve officers. At 46 members, and considering the defamation allegations in the petition, we do not find that the defamed group is so small that the words used may reasonably be understood to have personal reference and application to every member of the group, so that each member is defamed as an individual. Rather, it appears that the remarks reflect upon the actions of the group or the class of persons, and there is nothing to show which member or members of the class they were directed toward. In other words, based on the size of the class and the nature of the alleged defamatory remarks, there is no showing that any one individual in the class, or any of the Plaintiffs herein, can satisfy the burden of showing that the words referred particularly to them individually. Absent such a showing, no action lies for any member of the class.
Accordingly, for the reasons set out above, the ruling by the trial court sustaining Defendant's Exceptions of No Cause of Action and No Right of Action is affirmed. Costs of appeal are assessed against Plaintiffs.
AFFIRMED.
NOTES
[1] David G. Bujol, Chris Arnold, Brett Beavers, Mark A. Ceravolo, Chad Dear, Philip J. Desalvo, John N. Doyle III, Kevin Guillot, Johnny Lee Heck, Lamar Hooks, Jr., Bryan Huesman, Allen E. Joanos, Edwin J. Klein III, Edward James Manix III, William Meetze, Ken Norris, Richard Robinson, David Roddy, Matthew Roth, Henry Saacks, Alvis J. West IV, Frederick Yorsch and Ray Young, Jr.
[2] Defendant also filed Declinatory and Dilatory Exceptions Pleading Insufficiency of Service of Process and Lack of Procedural Capacity which were also maintained, but do not form part of this appeal.