353 So.2d 1065 (1977)
G. L. HARRIS, Plaintiff-Appellee,
v.
John LEVY, Trustee, Defendant-Appellant.
No. 13391.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
Rehearing Denied January 16, 1978.
*1066 Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for defendant-appellant.
Cook, Clark, Egan, Yancey & King by Stephen R. Yancey, III, Shreveport, for plaintiff-appellee.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied January 16, 1978.
JONES, Judge.
Defendant appeals from a judgment foreclosing a mortgage on Shreve Square by ordinary process and rejecting defendant's reconventional demand for damages. We affirm.
On November 19, 1976, plaintiff sold defendant the Shreve Square complex for $1,740,000. The purchase price was paid by a $140,000 check representing the cash down payment and a $1.6 million installment note secured by a mortgage on the property and an assignment of rents and leases. The installments were due on the first day of each month commencing December 1, 1976. Defendant contemplated obtaining loans to secure the funds to cover the check given for the cash portion of the purchase price. The loans were never secured and the check was dishonored when presented for payment.
Defendant failed to pay the first installment when due on December 1st, and as a result of his failure to pay, plaintiff expressed his intent to exercise his rights to collect rents under the assignment. On December 16, defendant wrote plaintiff and enclosed a $40,000 check which he designated to be applied to the $140,000 down payment and a second check for $8,250.14 in payment of the December 1st installment on the note. Plaintiff refused to accept the checks because they were not certified as requested.
At a December 30th meeting defendant gave plaintiff a cashier's check for $40,000 as partial payment on the $140,000 down payment. Defendant failed to substitute a cashier's check for the $8,250.14 check, but assured plaintiff the check would be paid upon receipt by drawee bank. Plaintiff presented this check for payment, but it was dishonored January 16, 1977. At this time defendant was delinquent on the December and January installments.
Plaintiff's attorney notified defendant by letter dated January 19th that he was in default on payment on the note because the check given to pay the December installment was returned marked insufficient funds. Plaintiff had previously written defendant *1067 on January 12 making demand upon defendant to comply with the terms of the sale. Suit was filed February 4th.
The issues on appeal are whether defendant was in default in complying with the terms of the credit sale, and whether defendant was entitled to damages on his reconventional demand.
The evidence supports the trial court's findings that (1) the note provided for acceleration of balance upon failure to pay installments; (2) defendant was in default of his obligation by failure to pay installments; (3) defendant had been placed in default by plaintiff's letter of January 12, and by the letter of plaintiff's attorney dated January 19.
Defendant's reconventional demand seeks damages for plaintiff's disturbance of defendant's possession of the property by collecting rent from tenants following plaintiff's notice to tenants to pay rent to plaintiff and not the defendant, plaintiff's misrepresentation of the status of tenants' leases and plaintiff's slander of defendant.
The lower court found plaintiff did not disturb defendant's possession of the property by advising tenants to pay rent to plaintiff instead of defendant. The court held plaintiff's letters advising tenants to rely on public records which showed plaintiff to be the owner and to pay rent to plaintiff were justified.[1] We find plaintiff's letters notifying tenants to pay plaintiff were justified under the assignment of rents and leases executed at the time of sale because defendant failed to pay the monthly installments and by the terms of assignment plaintiff was entitled to collect the rents upon his default.
The record supports the trial judge's finding plaintiff did not misrepresent the status of leases to defendant. The evidence establishes plaintiff made a full disclosure to defendant of the status of each lease during negotiations preceding the sale.
As part of his reconventional demand, defendant claims plaintiff publicly defamed him. After trial on five nonconsecutive days between April 22 and May 20, 1977, and without benefit of transcript, the trial court found "Mr. Harris did, at Dominic's, call Mr. Levy a crook" but declined to award damages. The court found defendant failed to prove plaintiff maliciously made the statement. The court refused to presume malice and declined to award damages.
The lower court erred in finding the evidence established a slanderous statement. The record reflects plaintiff did not call defendant a "crook" at Dominic's. The only evidence in the record as to slander of this nature is testimony of defendant's Shreve Square manager that in the manager's office plaintiff said, "The people from New Orleans are a bunch of crooks." This alleged statement was made in the presence of the secretary, the maintenance man and a new tenant. Plaintiff denies making the statement. The maintenance man did not recall plaintiff making any statement reflecting on defendant's character and his testimony did not corroborate that of the manager that the alleged statement was made. Among the witnesses not called to corroborate defendant's allegations of slander was the secretary, an employee of Shreve Square. Defendant's failure to call this witness where he had the burden of proof and where he had some control over or close relationship to the witness creates the presumption her testimony would be adverse to defendant. Lowenburg v. Labor Pool of America, Inc., 296 So.2d 846 (La. App., 4th Cir. 1974). Defendant failed to prove the slanderous statement was made.
Defendant further contends he was slandered when plaintiff called him a profane name, ("s.o.b" without using our abbreviation). Two witnesses testified to plaintiff's communication of same. This statement, although disgusting, abusive and uncouth, is not slanderous per se. Dunn v. *1068 Bruat, 155 La. 376, 99 So. 296 (1924). There was no proof of all of the essential elements of a defamation action.[2]
For reasons assigned, the judgment of the lower court is affirmed at appellant's cost.
NOTES
[1] The sale with mortgage and assignment of leases was not recorded at the time executed on November 19, 1976, because the parties agreed to withhold recordation until the down payment had been fully paid.
[2] See Carter v. Catfish Cabin, 316 So.2d 517 (La.App., 2d Cir. 1975) where elements were stated as (1) defamatory words; (2) publication, that is, communication to some other person than the one defamed; (3) falsity; (4) malice, actual or implied, and (5) resulting injury.