| iYELVERTON, Judge.
This appeal in a case arising out of divorce and custody proceedings, presents the question of whether plaintiff husband has stated a cause of action in a separate suit against his former wife’s counsel for the intentional infliction ofjjemotional distress. The trial judge maintained the exception of no cause of action and dismissed the suit. We affirm.
In October 1990, plaintiff and his wife both filed for legal separation. In her suit, the wife was represented by the defendant, Steven G. Durio, of the law firm Durio, McGoffin <& Stagg. In November 1990, a temporary judgment for joint custody was issued by the trial court, concerning the three minor children born of the marriage. The wife was named the domiciliary parent. In December, 1990, the wife amended her original petition and asked for a divorce, alleging that the plaintiff husband had committed adultery during the marriage. In his answer to the amending petition the plaintiff husband admitted the truth of the adultery allegation.
The action out of which this appeal arises was brought by the plaintiff, on his own behalf and on behalf of his children, against Durio, his firm, and their insurer, alleging that the defendant attorney had discussed with the children financial and legal matters and the adultery allegations and admissions. The plaintiff husband alleged that the defendant attorney did this with the intent of damaging his relationship with his daughters and that the defendant knew that the plaintiff and his daughters would suffer severe and extreme emotional, psychological and mental distress as a result of his actions. The defendant attorneys filed exceptions of no cause of action and no right of action. The trial court denied the exception of no right of action and granted the exception of no cause of action, giving the plaintiff ten days from the date he received answers to interrogatories from defendants to amend his petition to state a cause of action. The plaintiff husband amended his petition and the defendants again filed an exception of no cause of haction. This time the trial court sustained the exception and dismissed the plaintiffs suit.
On appeal, the plaintiff husband-father argues that the trial court was wrong in sustaining the exception because his petition alleges the elements necessary to state a cause of action for intentional infliction of emotional distress, as required by White v. Monsanto Co., 585 So.2d 1205 (La.1991). Relying on White v. White, 641 So.2d 538, *602 (La.App. 3d Cir.1994), the appellant argues that to state a cause of action for intentional infliction of emotional distress, the plaintiff merely needs to allege the necessary elements in his petition.
In White v. Monsanto Co., 585 So.2d at 1209, the Louisiana Supreme Court listed the three elements a plaintiff has to prove in order to recover for intentional infliction of emotional distress:
1. The conduct of the defendant was extreme and outrageous;
2. The emotional distress suffered by the plaintiff was severe; and
3. The defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.
In discussing each of these elements, the court stated that the conduct must be so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities. The distress must be such that no reasonable person could be expected to endure it; liability attaches only in extreme cases. Finally, the defendant will be liable only if he desired to inflict 14severe emotional distress or where he knows that such distress is certain or substantially certain to result from his conduct.
In Montalvo v. Sondes, 637 So.2d 127 (La.1994), the Louisiana Supreme Court, affirming the lower court’s decision that the plaintiff had failed to state a cause of action against his adversary’s attorneys for an intentional tort, stated:
In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. La.Code Civ.P. art. 931; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). The court must accept well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993); Kuebler v. Martin, 578 So.2d 113 (La.1991). However, Louisiana retains a system of fact pleading. La.Code Civ.P. art. 854, official revision comment (a). The mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. Latham v. Latham, 216 La. 791, 44 So.2d 870 (1950); In Re Phoenix Building & Homestead Association, 203 La. 565, 14 So.2d 447 (1943).
The court, after reviewing the plaintiffs petition, held that the plaintiff had failed to state a cause of action. The court found that instead of alleging facts sufficient to support a cause of action, “Sondes’ allegations that the malpractice suit filed by Bickford and Matthews is ‘frivolous’ and was instigated and continued in ‘bad faith’ are mere conclusions unsupported by facts.”
The case of White v. White, 641 So.2d at 542, cannot be interpreted to say that all the petition has to plead for a cause of action to be stated is the three elements listed in White v. Monsanto. The opinion in White reflects that not only did the petitioner allege that the defendant’s conduct was extreme and outrageous and that the defendant desired to inflict severe emotional distress or knew that such | gharm would surely result from his conduct, but also there were factual allegations describing conduct that, if established, could support the characterization of such conduct as extreme and outrageous. In White, it was alleged that the defendant transferred property involved in a partition agreement into the name of his new wife and used other acts and threats of foreclosure, bankruptcy and criminal prosecution to coerce an unfavorable modification of the partition agreement by the plaintiff former wife.
The facts alleged in the petition of the plaintiff husband in our present ease, which he argues supports such a cause of action, are: the defendant attorney knew that the children were receiving counseling to help them with the breakup of their parent’s marriage; the defendant interviewed the sixteen *603 year old daughter, CLAIRE ELISE PREIS, relative to her relationship with her father; a member of his firm held a telephone conference with some of the children, relative to visitation with their father; the defendant or a member of his firm, “discussed the adultery allegations and EDWIN G. PREIS, JR.’s admission thereto with the minor children;” the defendant “met with the children regarding their relationship with their father;” the defendant or a member of his firm interviewed the children “relative to counseling by Dr. Bouillion.” Finally, the defendant or a member of his firm “met with the children regarding a hearing on psychological counseling.”
Accepting these allegations as true, the plaintiff is not entitled to relief under the law. The plaintiff, aside from alleging the elements of intentional infliction of emotional distress, has failed to state specific facts which, if true, would support a cause of action. The facts pled fail to establish that the conduct of the defendants was extreme and outrageous. All of the actions by the defendants were |6taken while representing the plaintiffs former wife, who was involved in custody and divorce proceedings against the plaintiff and had been designated the domiciliary parent of the children. The defendants’ actions in interviewing the children and discussing the divorce, their parents’ relationship and their relationship with their father were in furtherance of this representation. These are actions which would not be viewed by a civilized community as atrocious and utterly intolerable, nor do they go beyond all possible bounds of decency.
The rule that an attorney does not owe a legal duty to his client’s adversary when acting on his client’s behalf is well established. Penalber v. Blount, 550 So.2d 577, 581 (La.1989). An attorney representing a party in a marital dispute where there are children does not owe a legal duty to the adversarial spouse-joint custodian of the children to avoid discussing the case with the children against the will of the adversarial spouse, when the defendant-attorney has the consent of the client spouse who is the other joint custodian of the children.
The defendant has failed to plead facts to support the first element of intentional infliction of emotional distress. The other two elements need not be discussed.
The judgment is affirmed at appellant’s costs.
AFFIRMED.
LABORDE, J., dissents and assigns reasons.