PICKETT, Judge.
|/The plaintiff Chet Jeansonne appeals judgments of the trial court that: 1) grant summary judgment in favor of the defendant funeral home that exhumed his daughter’s remains, delivered them to a physician for an autopsy, then reburied the remains after the autopsy was complete; 2) denied his motion for new trial on the motion for summary judgment; and 3) granted a peremptory exception of no cause of action in favor of the defendant attorney who obtained an ex parte order to exhume and have an autopsy performed on his daughter’s remains. The defendant attorney appeals the trial court’s denial of his motion to strike as provided for in La.Code Civ.P. art. 971, seeking an award of attorney fees and costs.
For the following reasons, we affirm the trial court’s judgments to the extent that they grant summary judgment in favor of the defendant funeral home, deny the motion for new trial, and grant the defendant attorney’s exception of no right of action. We reverse the trial court’s denial of the defendant attorney’s motion to strike and award him attorney fees and costs.
FACTS
On February 14, 2011, Mr. Jeansonne found his daughter, Morgan Nicole Jean-sonne, dead in his home in Avoyelles Parish from a self-inflicted gunshot wound. The coroner of Avoyelles Parish performed an autopsy and determined the cause of Morgan’s death was suicide. Thereafter, Mr. Jeansonne hired Escude Funeral Home to handle Morgan’s funeral services and bury her at St. Paul Catholic Church Cemetery in Mansura, Louisiana.
Mr. Jeansonne and Morgan’s mother, Sharleen Desselles Jeansonne, were divorced at the time of Morgan’s death. On March 4, 2011, Ms. Jeansonne’s attorney, Cory P. Roy, filed an Exparte Motion to Exhume and/or For the 1 ¡/Disinterment of Remains for Autopsy Purposes Pursuant to La.R.S. 8:660, seeking a court order for the exhumation and autopsy of Morgan’s body. The order attached to the motion contained two alternatives: one granting the relief requested and the other ordering Mr. Jeansonne to show cause why the motion should not be granted. Unable to meet with Judge Bennett, the judge to whom the matter was assigned, Mr. Roy met with another judge who contacted Judge Bennett and discussed Mr. Roy’s motion and order with him.
According to Mr. Jeansonne’s Petition, Judge Bennett questioned whether “the Coroner L.J. Mayeaux was % the loop’ ” regarding the Motion, and Mr. Roy responded that “the coroner ‘was in the loop’ *138 thus giving the impression the action was ‘officially’ sanctioned by the coroner.” After receiving Mr. Roy’s response, Judge Bennett authorized the signing of the order on his behalf. The signed order (the Order) authorized the first alternative and struck the second alternative, such that the Order provides, in pertinent part:
CONSIDERING the foregoing verified rule and this cause, it is,
ORDERED that the appropriate authority exhume/disinter the remains of Morgan Nicole Jeansonne and submit them to a competent physician for the purposes of performing an autopsy and determine the exact cause of death.
FURTHER ORDERED that the applicable cemetery authority comply and assist with the exhumation/disinterment of the remains of Morgan Nicole Jean-sonne.
After the Order was signed, Ms. Jean-sonne personally delivered a copy of it to Escude. Upon receipt of the Order, Es-cude exhumed Morgan’s casket, transported it to Rapides General Hospital for an autopsy to be performed, and returned the casket to its crypt after the autopsy was completed. Mr. Jeansonne |swas not served with the Order until on March 7, 2011, which was after the exhumation.
Mr. Jeansonne filed suit against Mr. Roy and Escude, Inc., which operates Es-cude Funeral Home, seeking damages. Mr. Roy answered the suit and filed a peremptory exception of no cause of action and a special motion to strike pursuant to La.Code Civ.P. art 971. Escude answered the suit and filed a motion for summary judgment. The trial court granted Mr. Roy’s exception of no cause of action but allowed Mr. Jeansonne to amend his petition and granted Escude’s motion for summary judgment; it denied Mr. Roy’s motion to strike.
Mr. Jeansonne filed a supplemental and amending petition and a motion for new trial on Escude’s motion for summary judgment. Mr. Roy answered the supplemental and amending petition and filed a second exception of no cause of action. At the hearing on Mr. Jeansonne’s motion for new trial, Mr. Roy filed a second motion to strike. The trial court denied the motions for new trial and to strike. After a separate hearing, the trial court granted Mr. Roy’s second exception of no cause of action.
Mr. Jeansonne appealed the trial court’s grant of Mr. Roy’s second exception of no cause of action, grant of Escude’s summary judgment, and denial of his motion for new trial. Mr. Roy appealed the denial of his special motion to strike.
ASSIGNMENTS OF ERROR
In his appeal, Mr. Jeansonne assigns three errors: 1) the trial court erred in granting Mr. Roy’s exception of no cause of action; 2) the trial court erred in granting Escude’s motion for summary judgment; and 3) the trial court erred in denying his motion for new trial.
]4Mr. Roy asserts the trial court erred in denying his special motion to strike; he seeks an award of attorney fees and costs as provided in La.Code Civ.P. art. 971(B).
DISCUSSION

No Cause of Action

Mr. Jeansonne contends that the trial court erred in granting Mr. Roy’s exception of no cause of action. The exception of no cause of action “tests the legal sufficiency of pleadings detailed in the petition.” Perritt v. Dona, 02-2601, 02-2603, p. 16 (La.7/2/03), 849 So.2d 56, 66. When determining whether a petition states a cause of action, a court must accept the well-pleaded allegations of fact *139 in the petition as true and cannot consider any extraneous supporting or controverting evidence. La.Code Civ.P. art. 931; Credit v. Richland Parish Sch. Bd., 11-1003 (La.3/13/12), 85 So.3d 669.
The issue to be addressed is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C., 10-2264 (La.5/10/11), 63 So.3d 940. Louisiana employs fact pleading; therefore, conclusory allegations unsupported by facts do not set forth a cause or right of action. La.Code Civ.P. art. 854, official revision comment (a); Infinity, 63 So.3d 940.
In his Petition, Mr. Jeansonne alleges that Mr. Roy’s actions in this litigation caused him damage. When acting on a client’s behalf, an attorney in Louisiana does not owe his client’s adversary a legal duty, and he cannot be held liable to the non-client for malpractice or negligent breach of a professional obligation to the non-client. The attorney can only be held liable to his client’s adversary if he Iscommits an intentional tort against the adversary. Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127; Penalber v. Blount, 550 So.2d 577 (La.1989).
In Montalvo, 637 So.2d at 130 (citation omitted), the supreme court explained how limited legitimate claims against the attorney of one’s adversary are:
[T]he mere filing of a lawsuit, even if the suit appears meritless on its face, is not enough, since the attorney may be simply the instrument through which the client invokes judicial determination. Rather, we believe it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit.
The petition must allege facts that establish the attorney “intended to cause direct harm” to the non-client by taking the action at issue. Id.
Mr. Jeansonne’s allegations against Mr. Roy state, in pertinent part:
VIII.
That during the discussion, Judge William J. Bennett asked if the Coroner L.J. Mayeaux was “in the loop” on the exhumation/disinterment/autopsy request and was told by Cory P. Roy that the coroner “was in the loop” thus giving the impression the action was “officially” sanctioned by the coroner....
[[Image here]]
X.
That Cory P. Roy knew or should have known that the only “appropriate authority” to exhume, disinter and autopsy the body was [the] duly elected coroner of Avoyelles Parish pursuant to La. C.Cr.P. Art. 102 and/or La. R.S. 33:1563.
XI.
That Cory P. Roy knew or should have known that in order to move the remains the law required that permission be obtained from both the cemetery authority and the parents of a decedent who did not leave written directions and had no surviving spouse or surviving adult children.
JüXII.
That Cory P. Roy intentionally did not attempt to obtain the permission of petitioner and thus deprived him of an opportunity to file an objection to his beloved daughter’s final resting place being disturbed.
These alleged facts do not establish that Mr. Roy intended to cause Mr. Jeansonne direct harm. Therefore, the petition *140 fails to state a cause of action against Mr. Roy, and the trial court did not err in granting Mr. Roy’s exception.

Summary Judgment

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. La. Safety Ass’n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass’n, 09-23 (La.6/26/09), 17 So.3d 350. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B)(2). Summary judgment is favored and shall be construed “to secure the just, speedy, and inexpensive determination of every action.” La.Code Civ.P. art. 966(A)(2).
The initial burden of proof is on the movant to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, he need not “negate all essential elements of the adverse party’s claim,” but he must show “there is an absence of factual support for one or more elements essential to the adverse party’s claim.” Id. Once 17the mov-ant has met his initial burden of proof, the burden shifts to the adverse party “to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.” Id.
Mr. Jeansonne alleged in his Petition that Escude acted improperly because La. Code Crim.P. art. 102 requires that autopsies be performed by coroners. Escude contends Mr. Jeansonne failed to state a cause of action against it because 1) La. R.S. 8:660(3)[1] provides that disinterment may be performed “pursuant to an order or a court of competent jurisdiction or a coroner of the parish in which the cemetery is located” and 2) it disinterred Morgan’s remains pursuant to an order issued by a court of competent jurisdiction.
Louisiana Revised Statutes 8:650-663 contains restrictions and prohibitions to protect the sanctity of human remains. Section 660 excepts certain actions from those restrictions and prohibitions and allows the disinterment of remains when a court of competent jurisdiction orders the disinterment. Mr. Jeansonne does not dispute that the trial court had jurisdiction to issue the Order.
Article 102 requires coroners to perform an autopsy when death occurred under specific circumstances which include “[w]hen there is a reasonable ^probability that the violation of a criminal statute has contributed to the death” and “[wjhen ordered by the court ... or on application by the district attorney.” It also allows coroners to “perform an autopsy in any death *141 case or cause one to be performed by a competent physician.”
Escude disinterred Morgan’s remains; it did not perform an autopsy on her. Article 102 does not conflict with La.R.S. 8:660 and does not affect the validity of the Order. Specifically, Article 102 does not prohibit a court of competent jurisdiction from ordering a competent physician, other than a coroner, to perform an autopsy in circumstances other than those enumerated therein. Therefore, it does not render Escude’s actions negligent or actionable.
Mr. Jeansonne also argues the following are genuine issues of material fact which preclude summary judgment:
1) whether his ex-wife was the appropriate party to exhume Morgan’s body;
2) whether his ex-wife was authorized to serve the order ordering the Morgan’s body be exhumed;
3) whether Escude received a certified copy of the order;
4) whether Escude contacted him, as owner of Morgan’s crypt, before opening it;
5) whether Escude’s representatives admitted the order was not legally binding on the company.
Mr. Jeansonne has not cited authority in support of the proposition that when a court of competent jurisdiction orders exhumation, he is the only legally authorized party to exhume Morgan’s remains. He also has not established that for an order to be valid and enforceable, it must be certified and served by a particular person or agency, and our research has not revealed any basis for either of these claims. Therefore, Mr. Jeansonne has not proven that Escude could have refused 19to obey the trial court’s order without legal consequence. Accordingly, even if Escude representatives stated they did not believe the trial court’s order was enforceable, their statements did not create a genuine issue of material fact.
For these reasons, Mr. Jeansonne has not shown the existence of genuine issues of material fact which preclude summary judgment, and Escude is entitled to summary judgment. Accordingly, the judgment of the trial court granting summary judgment in favor of Escude and dismissing Mr. Jeansonne’s claims against it is affirmed.

Motion for New Trial

Mr. Jeansonne’s sole basis for seeking a new trial was that Escude’s representative provided false statements in his affidavit supporting Escude’s motion for summary judgment. Specifically, the representative stated that the priest in charge of the cemetery where Morgan is buried was contacted before Escude complied with the Order. Mr. Jeansonne supports his argument with the affidavit of the priest in charge of the cemetery. He argues that to allow a false statement to serve as the basis for summary judgment would result in a miscarriage of justice.
Mr. Jeansonne has not shown that notice must be given to the cemetery authority or that permission of the cemetery authority is required before a court order ordering disinterment can be obeyed. Therefore, the false statement that the priest’s permission was obtained before complying with the Order does not create a material issue of fact that prevents summary judgment, and the trial court did not err in denying Mr. Jeansonne’s motion for new trial.

_|¿¡¡Special Motion to Strike

Mr. Roy appealed the trial court’s denial of his La.Code Civ.P. art. 971 special motion to strike; he argues the trial court *142 erred in finding that the purpose of the motion is to protect free speech.
The denial of a special motion to strike presents a question of law that we review to determine whether the trial court was legally correct or incorrect. Savoie v. Page, 09-415 (La.App. 3 Cir. 11/4/09), 23 So.3d 1013, writ denied, 10-96 (La.4/5/10), 31 So.3d 365.
Louisiana Code Civil Procedure Article 971(A)(1) provides:
A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
Article 971(F)(1)(a) defines an “[a]ct in furtherance of a person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue” to include “[a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.” Article 971 was passed to curb “a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances.” Section 2 of Acts 1999, No. 734. The legislature specifically noted its intention that Article 971 “shall be construed broadly” to insure “continued participation in matters of public significance.” Id. The special motion to strike applies to allegations made in pleadings by attorneys on behalf of their clients to protect their clients’ right to free speech, and it is not limited only to actions involving free |nspeech. In re Succ’n of Carroll, 46,327 (La.App. 2 Cir. 7/20/11), 72 So.3d 384; Thinkstream, Inc. v. Rubin, 06-1595 (La.App. 1 Cir. 9/26/07), 971 So.2d 1092, writ denied, 07-2113 (La.1/7/08), 973 So.2d 730.
The statements at issue here were written statements Mr. Roy “made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law” and fall under Subsection (F)(1)(a) of Article 971. In re Succ’n of Carroll, 72 So.3d 384. Therefore, the allegations are subject to Mr. Roy’s motion to strike, unless Mr. Jeansonne can establish that he will probably succeed on his claims against Mr. Roy. La.Code Civ.P. art. 971(A)(1).
We look to the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based to determine the likelihood of Mr. Jeansonne succeeding on his claims against Mr. Roy. Thinkstream, 971 So.2d 1092. Mr. Jeansonne relies solely on his pleadings to oppose Mr. Roy’s motion to strike. His claims against Mr. Roy are based on the allegations contained in the Motion for Ex Parte Order that Mr. Roy filed on behalf of Ms. Jeansonne. Thus, the pleadings are written statements made before a judicial proceeding and fall within the definition of “[a]n act in furtherance of the person’s right of petition or free speech[.]” La. Code Civ.P. art. 971(F)(1)(a).
Mr. Jeansonne’s allegations against Mr. Roy do not establish that Mr. Roy intended to “cause direct harm” to Mr. Jean-sonne, as required by Montalvo, 637 So.2d at 130. Therefore, he has not carried his burden of proving that he will likely succeed at trial on his claims against Mr. Roy, and the trial court erred in not granting the special motion to strike. The trial court’s judgment denying Mr. Roy’s motion to strike is reversed.
*143 | attorney Fees
Mr. Roy seeks an award of reasonable attorney fees and costs against Mr. Jeansonne pursuant to La.Code Civ.P. art. 971(B), which provides that reasonable attorney fees and costs shall be awarded to a party who is successful on a motion to strike. Accordingly, we award $2,500 in attorney fees to Mr. Roy and assess all costs to Mr. Jeansonne.
DISPOSITION
Thé judgments of the trial court granting summary judgment in favor of Escude, denying Mr. Jeansonne’s motion fdr new trial, and granting Mr. Roy’s exception of no cause of action are affirmed. The trial court’s judgment denying Mr. Roy’s motion to strike is reversed, and Mr. Roy is awarded $2,500 in attorney fees. Mr. Jeansonne is assessed with all court costs.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
CONERY, J., dissents and assigns reasons.
THIBODEAUX, Chief Judge, dissents for the reasons stated in Judge Conery’s dissent.

. Louisiana Revised Statutes 8:660 provides:
The foregoing Sections shall not apply to or prohibit the following:
(1) The rearrangement of remains within the same cemetery space by or with the consent of the cemetery authority for the purpose of rearrangement or reuse in cemeteries which allow for rearrangement or reuse as defined in R.S. 8:1(36.1).
(2) The removal of remains by a cemetery authority from a cemetery space for which the purchase price or any other legitimate indebtedness to the cemetery authority is past due and unpaid, to some other suitable place.
(3) The disinterment of remains pursuant to an order of a court of competent jurisdiction or of a coroner of the parish in which the cemetery is located.
(4) The removal and transfer of remains to correct an error as provided in R.S. 8:813 provided that written notice shall be sent to the immediate family prior to the removal and transfer.