# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 14-358

**SCOTT MAHFOUZ**

**VERSUS**

**THOMAS D. DAVENPORT, JR., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 243,455
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**John E. McAuliffe, Jr.**
**Frederick A. Miller & Associates**
**3850 N. Causeway Boulevard, Suite 1700**
**Metairie, LA   70002**
**(504) 840-4909**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **State Farm Fire & Casualty Company**

**Marshall R. Pearce**
**Casten & Pearce, APLC**
**Post Office Box 1180**
**Shreveport, LA   71163-1180**
**(318) 221-3444**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Thomas D. Davenport, Jr.**
      **The Davenport Firm, A Professional Law Corporation**

**Chris J. Roy, Jr.**
**Chris J. Roy, Jr. (A Law Corporation)**
**Post Office Box 1592**
**Alexandria, LA   71309-1592**
**(318) 487-9537**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Scott Mahfouz**

**AMY, Judge.**

The plaintiff, Scott Mahfouz, was involved in a domestic suit concerning child custody and support. The plaintiff later filed this litigation, naming the child's mother, her attorney, and her attorney's law firm and insurance company as defendants. The plaintiff seeks damages for malicious prosecution, abuse of process, wrongful collection / seizure, defamation, false light / invasion of privacy, intentional infliction of emotional distress, and violations of the Rules of Professional Conduct. The defendant attorney, his law firm, and his insurer filed exceptions of no cause of action, which were granted by the trial court. The plaintiff appeals. For the following reasons, we affirm in part, reverse in part, and remand.

### Factual and Procedural Background

According to the record, the plaintiff has a child with one of the defendants, Angela Andries.[1] Mr. Mahfouz filed a child custody suit against Ms. Andries, which ultimately resulted in Ms. Andries being named the domiciliary parent and Mr. Mahfouz being ordered to pay child support. *See Mahfouz v. Andries*, 09-961 (La.App. 3 Cir. 12/9/09)(unpublished opinion). Thomas D. Davenport, Jr. was Ms. Andries' attorney during that proceeding.

The record indicates that subsequent domestic proceedings between Mr. Mahfouz and Ms. Andries concerned, among other things, requests for a reduction in child support payments, motions concerning re-allotment of the matter, motions for recusal of various judges, discovery motions, and multiple requests for contempt. Of particular relevance to the instant litigation, Mr. Mahfouz alleges

---

[1] According to the record, Ms. Andries is now known as Angela Horaist. Ms. Andries is also referred to as "Ms. Harrison" in the record, as well as several mis-transcriptions of "Horaist" in the transcript. To avoid confusion, we continue to refer to her as Ms. Andries.

that Mr. Davenport misrepresented to the trial court that Mr. Mahfouz had been served with a discovery motion, which resulted in a judgment ordering Mr. Mahfouz to pay attorney fees. Mr. Mahfouz also alleges that Mr. Davenport improperly attempted to collect on that judgment.

Mr. Mahfouz later sued Mr. Davenport, his firm (the Davenport Firm, APLC), and his firm's insurer (State Farm Fire & Casualty Co.).[2] The allegations made in Mr. Mahfouz's lawsuit concern actions allegedly taken by Mr. Davenport during his representation of Ms. Andries, as well as comments, primarily made through pseudonyms on the internet, that Mr. Mahfouz alleges are defamatory, extreme and outrageous, and attributable to Mr. Davenport.[3]

With regard to Mr. Mahfouz's original petition, first supplemental and amending petition, and second supplemental and amending petition, Mr. Davenport, the Davenport Firm, and State Farm filed exceptions of no cause of action and prematurity and a motion to strike a "Global Statement of Facts" filed by Mr. Mahfouz. The trial court overruled the exception of prematurity, but granted the exception of no cause of action and the motion to strike. However, the trial court permitted Mr. Mahfouz to amend his petition.

Mr. Mahfouz thereafter filed his third supplemental and amending petition seeking damages for malicious prosecution, abuse of process, wrongful collection / seizure, defamation, false light / invasion of privacy, intentional infliction of emotional distress, and violations of the Rules of Professional Conduct. The record indicates that Mr. Mahfouz also refiled the "Global Statement of Facts."

---

[2] State Farm is also referred to as "State Farm Insurance Companies" in the record.

[3] Mr. Davenport filed a reconventional demand, seeking damages for slander and libel, false light / invasion of privacy, intentional infliction of emotional distress / negligent infliction of emotional distress, malicious prosecution, and "abuse of rights." However, the record indicates that Mr. Davenport later dismissed his reconventional demand, with prejudice.

Mr. Davenport, the Davenport Firm, and State Farm filed a second exception of no cause of action and motion to strike. After a hearing, the trial court granted the motion to strike, sustained the exception of no cause of action, and dismissed Mr. Mahfouz's claims with prejudice.

Mr. Mahfouz appeals, asserting that:

I. The trial court committed reversible error by sustaining the Defendants' Exceptions of No Cause of Action.

II. The trial court erred by casting Plaintiff with all costs.

III. The trial court erred by striking the Plaintiff's Global Statement of Facts from the record.

**Discussion**

## I. Motion to Strike

Mr. Mahfouz contends that the trial court erred in striking his "Global Statement of Facts." The record indicates that Mr. Mahfouz first filed the "Global Statement of Facts" before the hearing on the defendants' exceptions of prematurity and no cause of action regarding the original, first, and second amended petitions. The defendants thereafter filed a motion to strike the original "Global Statement of Facts," which was granted by the trial court. After Mr. Mahfouz filed his third supplemental and amending petition, he refiled the "Global Statement of Facts." The defendants filed a second motion to strike, contending that the document contained extraneous information that had not been proven. Further, the defendants noted that the only pending motion before the court was the exception of no cause of action and, when determining whether a petition states a cause of action, the trial court is required to accept the well-pleaded facts of the petition as true and cannot consider any extraneous evidence.

3

The trial court has broad discretion in making evidentiary rulings, and its decision will not be overturned absent an abuse of discretion. *Gutierrez v. Baldridge*, 10-1528 (La.App. 3 Cir. 5/11/11), 65 So.3d 251, *writ denied*, 11-1589 (La. 10/7/11), 71 So.3d 319. Our review of the "Global Statement of Facts" reveals that it contains allegations that, especially at this stage of the proceedings, are not relevant to the allegations made in Mr. Mahfouz's third supplemental and amending petition. For example, the "Global Statement of Facts" includes allegations that Mr. Davenport violated the Rules of Professional Conduct in a matter unconnected to this litigation or to the underlying domestic suit and allegations concerning actions allegedly taken by Mr. Davenport's sister, who is not a defendant in this matter.

Mr. Mahfouz contends that the "Global Statement of Facts" was not intended to supplement the allegations of the petition with regard to the exception of no cause of action and that it was intended to avoid reiteration of the lengthy factual allegations in every pleading. Our review of the record, and particularly the transcript of the hearing on the exception of no cause of action, indicates that no other motions were pending at that time. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931.

Given the prohibition on consideration of additional evidence at the hearing on the exception of no cause of action and the inclusion of extraneous matters in the "Global Statement of Facts," we find that the trial court did not abuse its discretion in granting the motion to strike.

This assignment of error is without merit.

## II.    *Exception of No Cause of Action*

Mr. Mahfouz has asserted claims for malicious prosecution, abuse of process, wrongful collection / seizure, defamation, false light / invasion of privacy, intentional infliction of emotional distress, and violations of the Rules of Professional Conduct.  Mr. Mahfouz complains that the trial court erred in sustaining the defendants' exception of no cause of action with regard to those claims.

"The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La.1993).  Because the exception of no cause of action raises a question of law, it is reviewed on appeal de novo.  *Peters v. Allen Parish Sch. Bd.*, 08-323 (La.App. 3 Cir. 11/5/08), 996 So.2d 1230.  The burden of proof lies with the moving party, and the "pertinent question is whether, in the light most favorable to [the] plaintiff and with every doubt resolved in [the] plaintiff's behalf, the petition states any valid cause of action for relief."  *Ramey v. DeCaire*, 03-1299, p. 8 (La. 3/19/04), 869 So.2d 114, 119.  Dismissal is appropriate when the allegations in the petition clearly show that the plaintiff does not have a cause of action, or when the allegations in the petition clearly reveal the existence of an affirmative defense.  *Rogers v. Ash Grove Cement Co.*, 34,934 (La.App. 2 Cir. 11/2/01), 799 So.2d 841, *writ denied*, 01-3187 (La. 2/8/02), 808 So.2d 351.

Pursuant to La.Code Civ.P. art. 931, no evidence may be admitted to support or oppose an exception of no cause of action.  Thus, the court must accept the well-pleaded allegations of fact in the petition as true and determine whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.  *Everything*

5

*on Wheels*, 616 So.2d 1234. Conclusory allegations unsupported by facts are insufficient to support a cause of action. *Ramey*, 869 So.2d 114. However, "[M]alice, intent, knowledge, and other condition of mind of a person may be alleged generally." La.Code Civ.P. art 856. *See also Arledge v. Hendricks*, 30,588 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, *writ denied*, 98-2015 (La. 11/20/98), 728 So.2d 1287.

A. *Claims Related to Mr. Davenport's Representation of Ms. Andries*

Mr. Mahfouz's claims for malicious prosecution, abuse of process, wrongful collection / wrongful seizure, violations of the Rules of Professional Conduct, and a portion of his claims for invasion of privacy and defamation claims arise from actions allegedly taken while Mr. Davenport was acting on behalf of Ms. Andries. In *Penalber v. Blount*, 550 So.2d 577, 578 (La.1989), the supreme court held that "an attorney can be held accountable to a non-client for intentional tortious conduct such as the knowing violation of a prohibitory statute, but no cause of action lies in favor of a non-client under theories of malpractice and negligence because the attorney owes no duty to the adversary of his client." Further, because it is harder to recognize an intentional tort in the context of an attorney's actions on behalf of his or her client, the petition must allege facts that show "specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit." *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 130.

In *Montalvo*, 637 So.2d 127, the plaintiff sued a former client and her attorneys. The plaintiff alleged that the defendant-attorneys had filed a legal malpractice suit against him in bad faith and with knowledge that the suit was frivolous. The defendant-attorneys filed an exception of no cause of action. On

appellate review, the supreme court noted that "[t]he mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action." *Id.* at 131. After reviewing the petition, the supreme court found that,

> it fails to allege facts sufficient to state a cause of action in intentional tort. Sondes' allegations that the malpractice suit filed by Bickford and Matthews is "frivolous" and was instigated and continued in "bad faith" are mere conclusions unsupported by facts. Reduced to its essentials, Sondes' petition simply alleges that Bickford and Matthews failed to apprise themselves of the status of the appeal or the Virginia consent judgment prior to filing or continuing the malpractice suit, and making certain allegations in their petition that were no longer true in light of these proceedings. At best, these actions might be considered negligent, but they fall far short of manifesting an intent on the part of Bickford and Matthews to cause direct harm to Sondes.

*Id.* (Footnotes omitted.)

In *Arledge*, 715 So.2d 135, the plaintiff therein sued his ex-wife's lawyer on the grounds that the lawyer had defamed him by falsely claiming in the custody suit that the plaintiff had committed aggravated rape, i.e., criminal conduct. The second circuit reversed the trial court's grant of an exception of no cause of action, finding that the plaintiff's "vague" assertions that the lawyer "knew" that the allegations were untrue was sufficient to constitute malice. *Id.* at 140.

However, the second circuit's more recent jurisprudence has required more definite allegations to satisfy the "specific malice" requirement of *Montalvo*, 637 So.2d 127. For example, in *In re Succession of Carroll*, 46,327 (La.App. 2 Cir. 7/20/11), 72 So.3d 384, the plaintiffs, who had been disinherited, contended that the attorney who prepared their mother's will conspired with their sister and nephew to defraud them and deprive them of their inheritance. The second circuit affirmed the trial court's grant of an exception of no cause of action, observing that the plaintiffs made "no specific allegations that [the attorney] acted with malice or

in bad faith with the intent to cause direct harm to the plaintiffs." *Id.* at 389. Further, the second circuit found that the attorney's failure to notify the trial court of the existence of potential forced heirs might constitute a violation of the rules of professional conduct, but that it was not sufficient to give rise to an intentional tort. *See also Newcomer v. Bennett*, 09-27 (La.App. 5 Cir. 10/13/09), 27 So.3d 858; *Rogers*, 799 So.2d 841.

This court, in *Jeansonne v. Roy*, 13-741 (La.App. 3 Cir. 3/5/14), __ So.3d __, addressed a similar issue where the plaintiff accused his ex-wife's lawyer of deliberately misleading the trial court in order to obtain an exhumation order without obtaining the appropriate authorization and without holding an adversarial hearing. Specifically, the plaintiff alleged that the attorney told the trial court that the parish coroner was "in the loop" regarding the exhumation request, thus giving the impression that the coroner had approved the exhumation. Further, the plaintiff alleged that the attorney "knew or should have known" that the law required that he obtain permission from both of the decedent's parents, and that the exhumation order was sought ex parte in a deliberate attempt to deprive the plaintiff of an opportunity to object to the order. *Id.* at __. The trial court granted the attorney's exception of no cause of action. On appeal, this court affirmed the trial court's ruling, finding that the "alleged facts do not establish that [the attorney] intended to cause [the plaintiff] direct harm." *Id.* at __.

In his third supplemental and amending petition, Mr. Mahfouz contends that Mr. Davenport's actions in prosecuting Ms. Andries' domestic suit constitute an intentional tort. Mr. Mahfouz's allegations primarily focus on alleged "intentional misrepresentations" and "false statements" made by Mr. Davenport in connection with a motion to compel discovery, which resulted in an award of attorney fees

8

against Mr. Mahfouz, and Mr. Davenport's attempts to collect that award of attorney fees. Mr. Mahfouz also contends that Mr. Davenport filed several motions, including additional requests for sanctions, which were without probable cause or were procedurally improper.

Having reviewed these allegations, we conclude that Mr. Mahfouz's allegations are insufficient to constitute facts showing specific malice or an intent to harm Mr. Mahfouz. As in *Montalvo*, 637 So.2d 127, Mr. Mahfouz's petition simply alleges that Mr. Davenport made assertions to the trial court which, had Mr. Davenport apprised himself of the record and/or the applicable law, he would have realized were incorrect. In addition, many of Mr. Mahfouz's allegations are conclusory allegations and are therefore insufficient to support a cause of action.

Accordingly, we find no error in the trial court's grant of the exception of no cause of action with regard to Mr. Mahfouz's claims which concern Mr. Davenport's alleged actions as Ms. Andries' attorney.

*B. Claims Separate from Mr. Davenport's Representation of Ms. Andries*

However, Mr. Mahfouz's claims for defamation, false light / invasion of privacy, and intentional infliction of emotional distress arise from alleged conduct unrelated to Mr. Davenport's representation of Ms. Andries. Thus, in order to state a cause of action for these claims, Mr. Mahfouz is not required to establish specific malice.

*i.    Defamation*

Having already noted that a portion of Mr. Mahfouz's defamation claims concern statements allegedly made by Mr. Davenport during his representation of Ms. Andries, we now address the remaining portion. This constitutes Mr. Mahfouz's claims that Mr. Davenport defamed him to third parties and by making

9

anonymous comments on the Internet, including comments that Mr. Mahfouz is a "criminal" and that Mr. Mahfouz "lied to a judge." Mr. Mahfouz claims that the statements alleging criminal behavior on his part are defamatory per se.

The tort of defamation involves the "invasion of a person's interest in his reputation and good name." *Newcomer*, 27 So.3d at 860. In order to successfully make a claim for defamation, a plaintiff must prove: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Fitzgerald v. Tucker*, 98-2313, p. 10 (La. 6/29/99), 737 So.2d 706, 715. Further, the defamatory words must be "of and concerning" the plaintiff, i.e., cast a personal reflection on the plaintiff either directly or indirectly. *Guilbeaux v. Times of Acadiana, Inc.*, 94-1270 (La.App. 3 Cir. 8/9/95), 661 So.2d 1027, *writ denied*, 95-2942 (La. 3/29/96), 670 So.2d 1238.

Whether a communication is defamatory is a determination made by the court. *Guilbeaux*, 661 So.2d 1027. In making that decision, the court should determine whether the "communication is one which tends to harm a person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* at 1031. The court should consider whether, when taken in context, the words were intended to be defamatory. *Id.* "Words that expressly or implicitly accuse another of criminal conduct or that, by their nature, tend to injure one's personal or professional reputation are considered defamatory *per se*. If the plaintiff proves publication of defamatory per se words, the elements of falsity, injury and malice are presumed. . . ." *Zeigler v. Hous. Auth. of New Orleans*, 12-1168, p. 17 (La.App. 4 Cir. 4/24/13), 118 So.3d 442, 454 (citation omitted). Once the presumption is

established, the defendants may rebut it by proving a reasonable belief in the truth of their statements. *Id.*

However, casual remarks made in informal conversation are not defamatory, even if they are unflattering. *See Guillory v. State Farm Ins. Co.*, 95-1405 (La.App. 4 Cir. 11/28/95), 662 So.2d 104; *McGowen v. Prentice*, 341 So.2d 55 (La.App. 3 Cir. 1976). Further, statements of pure opinion are protected under the first amendment; even an opinion which states or infers "that certain false facts are true will still be protected if the statements were made without knowing or reckless falsity." *Roy v. Coco*, 94-920, p. 3 (La.App. 3 Cir. 2/1/95), 649 So.2d 1139, 1140, *writ denied*, 95-567 (La. 4/28/95), 653 So.2d 590. One of the reasons that a statement of opinion is not actionable in defamation is that falsity is one of the elements of defamation, and a purely subjective statement can be neither true nor false. *Meissner v. Bradford*, 13-844 (La.App. 3 Cir. 2/12/14), __ So.3d __.

Having reviewed Mr. Mahfouz's allegations, we find that the vast majority of the allegedly defamatory statements are statements of opinion, which are not actionable. *See Sassone v. Elder*, 626 So.2d 345 (La.1993). Our review also indicates that some of the allegedly defamatory statements are not "of and concerning" Mr. Mahfouz. Further, although some of the allegedly defamatory statements may be hurtful and unflattering, they are not defamatory per se. *See Harris v. Levy*, 353 So.2d 1065 (La.App. 2 Cir. 1977).

However, we must review the allegations in the petition in the light most favorable to the plaintiff. *Ramey*, 869 So.2d 114. Having done so, we find that Mr. Mahfouz has stated a cause of action for defamation with regard to those claims which allege that he is a "criminal" or a "crook." Although, based on the allegations made herein, we decline to find that the mere use of such general words

11

as "criminal" and "crook" are defamatory per se, they are capable of a defamatory meaning. *See Harris*, 353 So.2d 1065; *Greenberg v. De Salvo*, 229 So.2d 83 (La.1969). Further, our review of the petition indicates that Mr. Mahfouz has adequately alleged publication, falsity, malice (in the context of defamation), and injury. We additionally observe that Mr. Mahfouz must still prove the alleged facts at trial in order to prevail on his claim. *See Robinson v. N. Am. Royalties, Inc.*, 470 So.2d 112, 114 (La.1985) ("In deciding an exception of no cause of action, the court accepts the facts alleged in the petition, without reference to any extraneous supporting or controverting evidence, and determines whether the law affords any relief to plaintiff if those facts are proven at trial.").

Accordingly, we find merit to this portion of Mr. Mahfouz's assignment of error.

## ii. *False Light / Invasion of Privacy*

Mr. Mahfouz claims that Mr. Davenport's actions in defaming him and in holding him out for ridicule on the Internet constitute an invasion of privacy. In order to successfully assert a claim for invasion of privacy, the plaintiff must show that the defendant's conduct is both unreasonable and that it seriously interferes with the plaintiff's privacy interest. *Sparks v. Donovan*, 04-388 (La.App. 3 Cir. 10/13/04), 884 So.2d 1276. Our review of Mr. Mahfouz's petition shows no factual allegations which would support such a claim. Thus, we find no error in the trial court's determination that Mr. Mahfouz has no cause of action for invasion of privacy.

## iii. *Intentional Infliction of Emotional Distress*

Mr. Mahfouz has also asserted a claim for intentional infliction of emotional distress. In order to assert such a claim, a plaintiff must establish that 1) the

defendant's conduct was extreme and outrageous; 2) that the plaintiff's emotional distress was severe; and 3) that the defendant desired to inflict severe emotional distress or knew that it would be certain or substantially certain to result from his conduct. *Guilbeaux*, 661 So.2d 1027. "Extreme and outrageous conduct" is that which is "so atrocious as to pass the boundaries of decency and to be utterly intolerable to civilized society." *Id.* at 1033. However, conduct that is intended to cause some lesser degree of humiliation or embarrassment is insufficient to constitute extreme and outrageous conduct. *Id.* Further, "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" do not constitute extreme and outrageous conduct. *Preis v. Durio*, 94-468, p. 3 (La.App. 3 Cir. 11/2/94), 649 So.2d 600, 602, *writ denied*, 94-2949 (La. 1/27/95), 649 So.2d 393.

Based on our review of the petition, we find that the bulk of Mr. Mahfouz's allegations are the petty oppressions that do not constitute extreme and outrageous conduct. Further, Mr. Mahfouz makes only conclusory allegations with regards to the elements of knowledge and damages. Accordingly, we find no error in the trial court's grant of the exception of no cause of action with regard to intentional infliction of emotional distress.

## II. Costs

Mr. Mahfouz also argues that the trial court erred in assessing him with costs. The trial court has broad discretion in assessing court costs and, while the party cast in judgment is generally cast with the costs of a proceeding, the trial court may assess the costs in any equitable manner. *Hunter v. Christus Health Central La.*, 13-1057 (La.App. 3 Cir. 4/23/14), 137 So.3d 1276. Having reviewed the record, we find no abuse of the trial court's broad discretion in assessing Mr. Mahfouz with costs. Mr. Mahfouz's arguments in this regard are without merit.

13

**DECREE**

For the foregoing reasons, the judgment of the trial court sustaining Thomas D. Davenport, Jr., The Davenport Firm, APLC, and State Farm Fire & Casualty Company's exception of no cause of action is affirmed in part, reversed in part, and remanded for further proceedings. Costs of this appeal are assessed equally to the appellant, Scott Mahfouz, and to the appellees, Mr. Davenport, the Davenport Firm, APLC, and State Farm Fire & Casualty Company.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**